IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| v. | ) | CRIMINAL NO. 05-00206-WS-N |
| | ) | (Civil Action No. 10-00002-WS) |
| WILLIE MERER HINTON, | ) | |
| | ) | |
| Defendant. | ) | |

REPORT AND RECOMMENDATION

This action is before the Court on the motion (docs. 901-902) filed by petitioner,

Willie Merer Hinton, to vacate, set aside, or correct sentence under 28 U.S.C. § 2255.

This matter has been referred to the undersigned Magistrate Judge for entry of a Report

and Recommendation pursuant to 28 U.S.C. § 636(b)(1)(B).  Upon consideration of the

petitioner's § 2255 motion, the Government's response in opposition thereto (doc. 906)

and petitioner's reply brief (doc. 907), as well as all other pertinent portions of the record,

it is the recommendation of the undersigned that the § 2255 motion be DENIED.

I.      BACKGROUND.

A.      Procedural History.

In Count One of a 35-count second superseding indictment (doc. 433), the

defendant, Willie Merer Hinton, and several co-defendants were charged with conspiring

from March 1998, through June 30, 2005, to possess with intent to distribute morphine;

oxycodone, commonly known as oxycontin; hydrocodone, commonly known as lortab;

hydromorphone, commonly known as dilaudid; methadone; and more than 50 grams of

cocaine base, commonly known as crack, in violation of 21 U.S.C. § 846.  Count One

also included a number of statutory sentencing enhancements applicable to the offense,

including enhanced penalties for drug distribution within 1000 feet of a school zone or

public housing facility, pursuant to 21 U.S.C. § 860; and for the death of Jason Johns

resulting from the use of the controlled substances distributed during the course of the

conspiracy, pursuant to 21 U.S.C. § 841(b)(1)(A) and (C).   Doc. 433.  In addition to the

conspiracy count, Hinton was charged in Count Ten with possession with intent to

distribute oxycodone on November 16, 2002, in violation of 21 U.S.C. §§ 841(a)(1) and

860.  *Id*. Doc. 433.[1]

On March 16, 2006, Hinton was found guilty by jury verdict as charged.  Doc. 678

at 1582, 1586-87.  On June 23, 2006, Hinton was sentenced to concurrent terms of life

imprisonment on Counts One and Ten; a ten-year supervised release term on Count One

and a six-year supervised release term on Count Ten, to run concurrently, and $200.00 in

special assessments.  Docs. 595; 681 at 14-15.   Three days later, Hinton filed notice of

appeal.  Doc. 579.

On appeal, Hinton challenged the sufficiency of the evidence as to Count

One, and disputed the "death enhancement" pursuant to U.S.S.G. § 2D1.1(a)(1),

claiming that Jason John's death was not reasonably foreseeable.   United States v.

Westry,  524 F.3d 1198, 1206, 1218 (11th Cir. 2008). Hinton also contested the

---

[1] All of the defendants, including Hinton, were also named in Count Thirty-five, a
forfeiture count. Doc. 433.

application of the death enhancement to the substantive offenses. *Id*. The Eleventh

Circuit Court of Appeals found that there was sufficient evidence to support Hinton's

conviction on Count One. *Id.*, 524 F.3d at 1219-20. The appellate court also found that

Jason John's death was reasonably foreseeable, and therefore, the application of the death

enhancement was appropriate. *Id*. 524 F.3d at 1220. However, the Eleventh Circuit

Court of Appeals held that Hinton's substantive drug distribution count (Count Ten)

occurred *after* John's death and, therefore, the death enhancement was not appropriate as

to that count. *Id*., 524 F.3d at 1221. Accordingly, the Eleventh Circuit affirmed

Hinton's convictions on both counts,  affirmed the sentence as to Count One, and vacated

his sentence on Count Ten. *Id*., 524 F.3d at 1223. Hinton then petitioned the United

States Supreme Court for a writ of certiorari from the Eleventh Circuit's judgment, which

was denied on January 12, 2009.

Pursuant to the Eleventh Circuit's limited remand, Hinton was resentenced on

October 10, 2008, as to his conviction on Count Ten. Doc. 839. The Court amended

Hinton's sentence on Count Ten to 60 years imprisonment to run concurrently with the

life sentence previously imposed on count one. *Id*. All other terms and conditions of the

sentence remained as originally imposed. *Id*.

Hinton again appealed his sentence. Doc. 843. On January 6, 2010, the

Eleventh Circuit issued an opinion granting defense counsel's motion to withdraw

based on <u>Anders v. California</u>, 386 U.S. 738 (1967), on the grounds, in sum, that the

Court's "independent  examination of the record revealed no arguable issues of merit."

Doc. 904 at 5. The Eleventh Circuit then affirmed Hinton's conviction and sentence, but

remanded the case for the limited purpose of correcting a clerical error that had no impact on the issues presently before the Court. *Id*.

    B.    Habeas Petition.

On January 4, 2010, Hinton filed the present § 2255 motion asserting three claims of ineffective assistance of counsel involving: (1) failure to object to evidence and trial testimony as violating Fed. R. Evid. 701 and 404(b)[2]; (2) failure to cite controlling precedence on appeal pertaining to the alleged violations of Fed. R. Evid. 701.6 and 404(b) during trial; and (3) failure to investigate "as to the whereabouts of petitioner the night of the death of Jason Johns." Doc. 902 at 3.

The United States filed its opposition to Hinton's § 2255 motion on February 24, 2010 (doc. 906) arguing, in sum, that, although framed in terms of ineffective assistance of counsel, Hinton is merely challenging, once again, the sufficiency of the evidence, an issue already decided by the Eleventh Circuit on direct appeal. Hinton filed his reply (doc. 907) on April 5, 2010, arguing, in sum, that his ineffectiveness claims are properly raised in this pending collateral attack of his conviction and sentence and are sufficient grounds to grant his § 2255 motion.

## II.    STATEMENT OF THE LAW

Hinton's ineffective assistance claims are governed by the standard set forth in Strickland v. Washington, 466 U.S. 668 (1984), and its familiar two-fold analysis:

---

[2] The undersigned assumes that Hinton intended to assert Fed. R. Evid. 701 inasmuch as there exist no Fed. R. Evid. 701.6 and he appears to be contesting what he views was opinion testimony from a lay witness which is governed by Fed. R. Evid. 701.

To succeed on a claim of ineffective assistance, a habeas petitioner must satisfy both prongs of the test set out by the Supreme Court in Strickland v. Washington, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). The performance prong requires a petitioner to establish that counsel performed outside the wide range of reasonable professional assistance and made errors so serious that he failed to function as the kind of counsel guaranteed by the Sixth Amendment. *Id*. at 687-89, 104 S.Ct. at 2064-65. The prejudice prong requires a petitioner to demonstrate that seriously deficient performance of his attorney prejudiced the defense. *Id*. at 687, 104 S.Ct. at 2064.

Unless a petitioner satisfies the showings required on both prongs, relief is due to be denied. *Id.* As a result, once a court decides that one of the requisite showings has not been made it need not decide whether the other one has been. *Id*. at 697, 104 S.Ct. at 2069 (A court need not "address both components of the inquiry if the [petitioner] makes an insufficient showing on one."); Duren v. Hopper, 161 F.3d 655, 660 (11th Cir.1998) ("if a defendant cannot satisfy the prejudice prong, the court need not address the performance prong"). In this case we need not look beyond the prejudice prong.

To establish prejudice, a petitioner must show "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Strickland, 466 U.S. at 694, 104 S.Ct. at 2068. A "reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id.* "[P]etitioners must affirmatively prove prejudice because '[a]ttorney errors come in an infinite variety and are as likely to be utterly harmless in a particular case as they are to be prejudicial. [T]hat the errors had some conceivable effect on the outcome of the proceeding' is insufficient to show prejudice." Gilreath v. Head, 234 F.3d 547, 551 (11th Cir.2000) (alteration in original) (*quoting* Strickland, 466 U.S. at 693, 104 S.Ct. at 2067).

United States v. Butcher, 368 F.3d 1290, 1293-94 (11th Cir. 2004). *See also* Chandler v. United States, 218 F.3d 1305, 1313 (11th Cir. 2000)(" The burden of persuasion is on a petitioner to prove, by a preponderance of competent evidence, that counsel's performance was unreasonable."). As applied to the claims asserted in case at bar, Hinton has failed to show either deficient performance or prejudice.

5

## III.    DISCUSSION

A. <u>FIRST CLAIM</u>: Ineffective assistance of counsel for failure to Object to Evidence Admitted Pursuant to Fed. R. Evid. 404(b) and 701.

Hinton claims that certain evidence and testimony were wrongfully admitted under Rules 404(b) and 701 of the Federal Rules of Evidence and that he received ineffective assistance of counsel because his attorney failed to object.  To the contrary, the record before the court reflects that the evidence and testimony at issue were not admitted pursuant to those specific rules of evidence, but rather were otherwise properly admitted.

1) <u>There were no violations of Rules 404(b) and 701.</u>

Specifically, Hinton objects to the trial testimony of Officer Patrick McKean, Shannon Jones, and Sunny Foxx.  Doc. 902 at 4. Hinton first argues that Officer McKean gave opinion testimony as to the source of the pills Officer McKean purchased from Hinton's co-defendant and co-conspirator, Calvin Westry. *Id.* at 5.  Hinton also argues that Officer John Nixon gave opinion evidence in the form of a police report of the incident. *Id.*  However, the record reflects that Officer Nixon did not testify at trial, and only a portion of contents of the report were revealed to the jury during cross examination of Officer McKean by Hinton's attorney, Sid Harrell.  Trial Transcript (Doc. 673) at 489-491.  Hinton specifically objects to a portion of the report which states,  in essence, that Officer McKean  made a controlled buy from two known black males. *Id.* at 489.   As revealed in the cross examination, Officer McKean, at the time, only knew Hinton by his nickname "Chill." *Id.* It appears that during cross examination, Hinton's counsel was trying to cast doubt on Officer McKean's identification of Hinton as being

the individual with Calvin Westry when he purchased the pills. Such does not amount to opinion evidence concerning the source of the pills which might have been inadmissible under Rule 701.

Further, contrary to Hinton's assertion, there was nothing objectionable regarding Officer McKean's testimony that Hinton asked him for five dollars with which to buy gas. Officer McKean simply testified as to the events as they transpired during the drug purchase. Trial Transcript (Doc. 672) at 410. Further, Officer McKean did not improperly give opinion testimony as to the source of the pills. A legitimate inference could, however, be drawn that Hinton had driven to get the pills for Calvin Westry to give to Officer McKean. Hinton's own characterization of the incident lends further support to this inference:

> It is true officer Mckean (sic) may have given petitioner $5.00
> to purchase gas to go buy pills and this evidence alone was used to
> link petitioner to someone elses (sic) conspiracy – there is no evidence
> petitioner was the source of the pills officer Mckean (sic) received.

Doc. 902 at 6. Hinton further states:

> What the record shows is that the petitioner was given $5.00 for
> gas to get pills [b]ut was never actually witnessed giving co-defendant
> Calvin Westry the pills to give to officer Mckean. (Sic).

*Id*. at 18.

"Proof may be established through circumstantial evidence or from inferences drawn from the conduct of an individual or confederates." United States v. Green, 40 F.3d 1167, 1173 (11th Cir. 1994), *citing* United States v. Carrazana, 921 F.2d 1557, 1566

(11th Cir.), *cert. denied*, 502 U.S. 865 (1991). The undisputed fact that Hinton was given gas money for going to get the pills is strong circumstantial evidence that Hinton was a willing participant in the conspiracy. This evidence cannot be construed as inadmissible opinion evidence under Rule 701. Moreover, this inference from the testimony was supported by the physical evidence adduced by the United States at trial. Before the controlled drug buy from Calvin Westry, Officer McKean talked with Westry on the telephone and Westry had told him he was sending someone for the pills. Trial Transcript (Doc. 672) at 405-408. This phone call, as well as several others indicating Hinton's involvement, was played for the jury. *Id.* As the Eleventh Circuit noted in its opinion affirming Hinton's convictions:

> Officer McKean's undercover buy from Westry on November 16, 2002 involved Hinton. Hinton appears in the telephone calls setting up the undercover drug deal as well as the tape recording of the drug deal itself. During the course of that drug purchase (three oxycontin tablets), Hinton asks the officer for gas money, and the officer paid Hinton five dollars. Officer McKean also spoke with Hinton over the telephone on November 18, 2002 when the officer was arranging a drug buy at the Boykin Towers apartment that was consummated later that day.

Westry, *supra*, 524 F.3d at5 1212.

Similarly, the testimony of Shannon Jones (Trial Transcript (Doc. 675) at 861-991) and Sunny Foxx's (Trial Transcript (Doc. 673) at 544-564) cannot be characterized as 404(b) evidence. Federal Rule of Evidence 404(b) deals with the admission of specific instances of prior misconduct to show, among other things, modus operandi, absence of mistake, or intent. "Intent may be proven, pursuant to 404(b), by evidence of prior 'bad acts' in which the same intent was required." United States v. Marshall, 173

F.3d 1312, 1317 (11th Cir. 1999), *citing* <u>Green</u>, *supra*, 40 F.3d at 1174.  Shannon Jones and Sunny Foxx testified to evidence linking Hinton to the conspiracy for which he was convicted and not any unrelated instances of prior misconduct.  Consequently, there was no objection to 404(b) that could have legitimately been made by Hinton's counsel.

In support of his contention that Rules 404(b) and 701 were violated, Hinton relies as well on <u>Marshall</u>, *supra*.  His reliance, however,  is based upon a contortion of the facts in his own case.  In <u>Marshall</u>,  a DEA agent gave opinion testimony as a lay witness that the defendants were the source of drugs obtained by the police on dates certain. 173 F.3d at 1315. The Eleventh Circuit held that the DEA agent's testimony was inadmissible because he had no personal knowledge as required under Rule 701.   In contrast to that case, Officer McKean testified as to what he ***personally*** observed and his testimony did not constitute merely opinion evidence.

The violation of Rule 404(b) found in <u>Marshall</u> involved the mere proffer of a prior arrest on drug charges which were subsequently dismissed for lack of evidence. The Eleventh Circuit held such evidence of a mere arrest was insufficient to show intent to distribute cocaine and conspiracy to do the same because there was no proof that the defendants committed the extraneous crime and "other evidence had to be presented from which the jury reasonably could conclude that the offense was committed." 173 F.3d at 1317.   In the present case, by contrast, Shannon Jones and Sunny Foxx testified concerning things that occurred *during the conspiracy which linked Hinton to the conspiracy for which he was convicted* and not about other unrelated instances of prior misconduct or "bad acts."  Consequently, there was no violation of Rule 404(b).

Based on the foregoing, Hinton has failed to show that his attorney was ineffective, the requisite first prong of the standard set forth in <u>Strickland</u>. *See* <u>Koch v. Puckett</u>, 907 F.2d 524, 527 (5th Cir. 1990) (no ineffective assistance of counsel where filing of motion is futile); *in accord* <u>Rasheed v. Smith</u>, 221 Fed.Appx. 832, 836 (11th Cir. 2007) (failure to file a motion which would be futile is not deficient performance of counsel under <u>Strickland)</u>; and <u>United States v. Costa</u>, 691 F.2d 1358, 1363 (11th Cir. 1982) ("failure to object to admissible evidence does not constitute ineffective assistance of counsel."). Because petitioner has failed to meet the requisite first prong of <u>Strickland</u>, the Court need not address the prejudice prong. *See* <u>Ward v. Hall</u>, 592 F.3d 1144, 1163 (11th Cir. 2010)("[C]ourt need not address the performance prong if petitioner cannot meet the prejudice prong and vice-versa.").

2) <u>Claims as to sufficiency of the evidence are procedurally barred.</u>

Although Hinton asserts in his supporting memorandum that "[t]he petitioner is not in no (sic) way relitigating the sufficiency of the evidence," he also argues that, other than the evidence suggesting that he retrieved the pills that Calvin Westry sold to Officer McKean, "there was very slight evidence other than this showing anything else other than the petitioner getting high on pills." *Compare* Doc. 902 at 10 and 17. The Eleventh Circuit clearly disagreed:

> Hinton argues the evidence against him only showed him to be a bystander at an apartment where drug activities occurred, not a member of the charged conspiracy. As to Hinton's argument, we are similarly not persuaded. First, mere presence "'is material, highly probative, and not to

be discounted.'" United States v. Gamboa, 166 F.3d 1327, 1332 (11th Cir. 1999) (*quoting* United States v. Freeman, 660 F.2d 1030, 1035 n. 1 (5th Cir. Unit B Nov. 1981)). Second, here the evidence showed more than Hinton's mere presence. It showed him to be an active participant in Officer McKean's undercover buy on November 16, 2002, accepting a cash payment from the officer to cover the expense of having traveled to obtain the oxycontin Westry sold to the officer, in Hinton's presence. This evidence, coupled with Hinton's association with Westry and residence at the Boykin Towers apartment, where drug transactions were shown to have taken place, and the testimony of other co-conspirators placing Hinton at the Clay Street home and related locations, could give "'rise to a permissible inference'" by the jury of Hinton's participation in the conspiracy. *Id.* (*quoting* Calderon, 127 F.3d at 1326). [3] The jury plainly credited the testimony and evidence presented, and it is not for us to re-weigh the factfinder's credibility choices. United States v. Simpson, 228 F.3d 1294, 1229 (11th Cir. 2000) (citation omitted). When measured against the governing standards, we are persuaded that sufficient evidence was presented to sustain the conspiracy convictions, and accordingly affirm the district court's denial of the motions for judgment of acquittal.

Westry, *supra*, 524 F.3d at 1213-14.  Claims raised and disposed of in a previous appeal

are generally barred from reconsideration in a subsequently filed  28 U.S.C. § 2255

petition. Hidalgo v. United States, 138 Fed.Appx. 290, 291 (11th Cir. 2005), *citing* United

States v. Rowan, 663 F.2d 1034, 1035 (11th Cir. 1981)("This Court is not required on s

2255 motions to reconsider claims of error raised and disposed of on direct appeal.").  It

is also well settled that, "[u]nder the law of the case doctrine, both the district court and

the court of appeals are bound by findings of fact and conclusions of law made by the

court of appeals in a prior appeal in the same case." United States v. Stinson, 97 F.3d

466, 469 (11th Cir.), *cert. denied*, 519 U.S. 1137 (1997).  Consequently, any claim by

---

[3] United States v. Calderon, 127 F.3d 1314 (11th Cir. 1997).

Hinton regarding the sufficiency of the evidence is barred from reconsideration, even if couched as a claim of ineffective assistance of counsel.  Accordingly, petitioner's motion as to  this ground is also due to be denied.

B.  SECOND CLAIM: Ineffective assistance of counsel on appeal.

Hinton next argues that his counsel was ineffective because he failed to raise on appeal the objections discussed in connection with his first claim for relief, namely the alleged violations of Rules 404(b) and 701.  Doc. 902 at 15-16.

The Strickland standard, previously set out herein, also applies to claims alleging ineffective assistance of appellate counsel.  *See* Jackson v. Dugger, 931 F.2d 712, 715 (11th Cir. 1991) (test used to evaluate claims of ineffective assistance of trial counsel applies equally to analysis of claims of ineffective assistance of appellate counsel); Johnson v. Alabama, 256 F.3d 1156, 1187 (11th Cir. 2001)("To prevail, [habeas petitioner] must demonstrate both that his appellate counsel's performance fell below reasonable professional standards and that he was prejudiced by his attorney's substandard performance."); Heath v. Jones, 941 F.2d 1126, 1130 (11th Cir. 1991)(same), *cert. denied*, 502 U.S. 1077 (1992). To prevail on such a claim, a petitioner must show that his appellate counsel's performance was deficient and that this performance prejudiced the defense.  *Id*.  Hinton has failed to show either deficient performance or prejudice.  As previously discussed, there were no violations of Rules 404(b) and 701 during Hinton's trial.  Consequently, his counsel was not ineffective for failing to assert

such claims on appeal. *See* <u>Chandler v. Moore</u>, 240 F.3d 907, 917 (11th Cir. 2001) (appellate counsel not ineffective for failing to raise meritless claims on appeal).

Although not mentioned in his § 2255 motion, Hinton also argues in his supporting memorandum that he was denied due process because the United States knowingly introduced false statements in evidence against him. *Id*. at 18-23. Specifically, Hinton alleges:

> The government presented a report done by DEA agents and in the report false allegations were made. The allegations may have caused the jury to believe that the petitioner was actually the one who brought pills back to co-defendant Calvin Westry. It was highly misleading because there exists no evidence which proves the petitioner was the one who brought the pills back which officer Mckean (sic) claimed he received from Calvin Westry.

Doc. 902 at 18. To the extent Hinton is referring to the report prepared by Officer John Nixon which documents the undercover drug buy made by Officer McKean from Calvin Westry and Hinton, Hinton has failed to establish that the evidence is false. In addition, the report was not introduced by the United States into evidence at trial. Rather, the report was merely given in discovery to Hinton's counsel, who subsequently used it for impeachment purposes at trial. Trial Transcript (Doc. 673) at 489-491. The Eleventh Circuit specifically found that Hinton was "an active participant in Officer McKean's undercover buy on November 16, 2002, accepting a cash payment from the officer to cover the expense of having traveled to obtain the oxycontin Westry sold to the officer, in Hinton's presence." <u>Westry</u>, 524 F.3d at 1213. Considering these facts and the other evidence against him, the Eleventh Circuit concluded that it "could give rise to a

permissible inference by the jury of Hinton's participation in the conspiracy." *Id*., 524

F.3d at 1214.  Hinton's counsel did not provide ineffective assistance simply because he

failed to raise a frivolous argument on appeal. Jones v. Barnes, 463 U.S. 745, 754 (1983);

*see also*   United States v. Winfield, 960 F.2d 970, 974 (11th Cir. 1992) (attorney not

ineffective for failing to argue a meritless issue); Moore v. Florida, 2010 WL 3833953 *7

(M.D. Fla. Sep. 28, 2010)(same); Floyd v. United States, 2010 WL 1052839, *5 (M.D.

Ala. Feb. 18, 2010)(same).  Hinton's claim of ineffectiveness on appeal is thus without

merit  and does not constitute grounds to vacate his conviction and sentence.

      C.  THIRD CLAIM: Ineffective assistance of counsel for failure to investigate.

Finally, Hinton claims that he received ineffective assistance of counsel because

his attorney failed to conduct an investigation, which he contends would have shown he

was not present at the location where Jason Johns overdosed. Once again, Hinton's claim

is contrary to the facts, and is unavailing. As previously noted, the Eleventh Circuit has

already decided these facts against Hinton. The Court specifically found that:

> It is of no moment that two of these conspirators [Calvin Westry and Hinton], at the time of Johns' death, were not residents of the Clay Street home [where Johns died], as the evidence showed their activities to be linked to the activities of others at the Clay Street home, even on the night in question.[5] Because Johns died from a drug overdose from drugs distributed by a member of the conspiracy (Carter), and the goal of the conspiracy was to distribute drugs, Johns' death was reasonably foreseeable and within the scope of the conspiracy.
>
> Therefore, we find no clear error in the jury's or trial court's conclusion that the death was reasonably foreseeable, or the trial court's application of the death enhancement to Count One as to Westry, Carter, and Hinton.

Westry, 524 F.3d at 1219-20.

"[A] failure to investigate is not a unique category of counsel omission that automatically satisfies Strickland's deficient-performance prong; rather, like all counsel conduct, it enjoys a presumption of reasonableness that the petitioner must rebut to prevail." Housel v. Head, 238 F.3d 1289, 1294 (11th Cir. 2001), *citing* Chandler, *supra* 218 F.3d at 1314. "[T]rial counsel has not performed deficiently when a reasonable lawyer could have decided, in the circumstances, not to investigate." Housel, 238 F.3d at 1295. *See also* DeYoung v. Schofield, 609 F.3d 1260, 1284 (11th Cir. 2010)("[C]ounsel is not required to pursue every path until it bears fruit or until all hope withers."); Chandler, *supra*, 218 F.3d at 1317 ("[N]o absolute duty exists to investigate particular facts or a certain line of defense."). "In assessing the reasonableness of an attorney's investigation, ... a court must consider not only the quantum of evidence already known to counsel, but also whether the known evidence would lead a reasonable attorney to investigate further." Williams v. Allen, 598 F.3d 778, 793 (11th Cir. 2010), *quoting* Wiggins v. Smith, 539 U.S. 510, 527 (2003). Hinton has failed to establish that any investigation into his whereabouts at the time of Jason Johns' death would have changed the facts as found by the Court and supported by the evidence of record. *See e.g.* United States v. Hunter, 323 F.3d 1314, 1319 (11th Cir. 2003)(The participants in a conspiracy may be held responsible for the losses resulting from the reasonably foreseeable acts of co-conspirators in furtherance of the conspiracy.) There was ample evidence, as confirmed by the Eleventh Circuit in this case, of Hinton's participation in the conspiracy that resulted in Jason John's death. Hinton's counsel was not ineffective under these circumstances for failing to investigate, or to raise a meritless issue, regarding Hinton's whereabouts at

the precise time of Jason Johns death. Under <u>Strickland</u>, counsel's conducting or determining not to conduct an investigation needs only to be reasonable to fall within the wide range of what is deemed competent. *See* <u>Strickland</u>, 466 U.S. at 691 ("[C]ounsel has a duty to make reasonable investigations or to make a reasonable decision that makes particular investigations unnecessary."). Thus, under the <u>Strickland</u> analysis, Hinton's third and final ground for relief also fails.

## IV.    EVIDENTIARY HEARING

The undersigned has carefully reviewed the record and concludes that no evidentiary hearing is required in this action. <u>Schriro v. Landrigan</u>, 550 U.S. 465, 474 (2007)("if the record refutes the applicant's factual allegations or otherwise precludes habeas relief, a district court is not required to hold an evidentiary hearing."). Hinton has not proffered any evidence that would require an evidentiary hearing. <u>Chandler v. McDonough</u>, 471 F.3d 1360, 1362-63 (11th Cir. 2006), *cert. denied*, 127 S.Ct. 2269 (2007). It is also clear that the pertinent facts of the case are fully developed in the record before the Court. <u>Schriro</u>, 550 U.S. at 475 ("the District Court was well within its discretion to determine that, even with the benefit of an evidentiary hearing, [habeas petitioner] could not develop a factual record that would entitle him to habeas relief."). Hinton's claims are affirmatively contradicted by the record and are due to be denied as a matter of law. Hinton also is not entitled to an evidentiary hearing because his claims "are merely conclusory allegations unsupported by specifics or contentions that in the face of the record are wholly incredible." <u>Tejada v. Dugger</u>, 941 F.2d 1551, 1559 (11th

Cir. 1991); *see also* Lynn v. United States, 365 F.3d 1225, 1239 (11th Cir.)(district court

not required to hold evidentiary hearing when affidavits "amount to nothing more than

mere conclusory allegations."), *cert. denied*, 534 U.S. 891 (2004). "[I]f the petitioner's

allegations are affirmatively contradicted by the record, or the claims are patently

frivolous, a district court is not require to hold an evidentiary hearing." United States v.

Bejacmar, 217 Fed.Appx. 919, 921 (11th Cir. 2007), *citing* Aron v. United States, 291

F.3d 708, 715(11th Cir. 2002).

## V. CERTIFICATE OF APPEALABILITY

Pursuant to the changes to Rule 11 of the Rules Governing Section 2255

Proceedings which became effective December 1, 2009, the court addresses the

appealability of the recommended denial of plaintiff"s habeas petition. "A [COA] may

issue only if the applicant has made a substantial showing of the denial of a constitutional

right." *Id*. at § 2253(c)(2). To make such a showing, a defendant "must demonstrate that

reasonable jurists would find the district court's assessment of the constitutional claims

debatable or wrong," Tennard v. Dretke, 542 U.S. 274, 282 (2004) (quoting Slack v.

McDaniel, 529 U.S. 473, 484 (2000)), or that "the issues presented were 'adequate to

deserve encouragement to proceed further'," Miller-El v. Cockrell, 537 U.S. 322, 335-36

(2003) (*quoting* Barefoot v. Estelle, 463 U.S. 880, 893 n. 4 (1983)).

In the undersigned's view, the issues Hinton has raised in his motion are not

sufficiently substantial to justify the issuance of a certificate of appeal. Hinton's claims

of ineffective assistance of counsel are precluded by Supreme Court opinions. The

undersigned has independently determined that each of Hinton's ineffectiveness claims

fails to satisfy <u>Strickland</u>. Hinton has failed to establish that he received ineffective

assistance of counsel either at trial or on appeal. Under the facts of this case, a

reasonable jurist could not conclude either that this Court is in error in denying the instant

§ 2255 motion or that Hinton should be allowed to proceed further. *See e.g.* <u>United

States v. Bailey</u>, 245 Fed.Appx. 768, 771 (10th Cir. 2007)(held that District Court's

rejection of ineffective assistance claims in a § 2255 motion was not reasonably

debatable among jurists as required for the issuance of a certificate of appealability)

(*citing* <u>Slack v. McDaniel</u>, 529 U.S. 473, 484 (2000)(Claims are deserving of a certificate

of appealability only is "reasonable jurists could debate whether . . . the petition should

have been resolved in a different manner or that the issues presented were adequate to

deserve encouragement to proceed further."). Accordingly, the undersigned recommends

that the Court conclude that no reasonable jurist could find it debatable whether Hinton's

§ 2255 motion should be denied; thus, he is not entitled to a certificate of appealability.

CONCLUSION

For the reasons stated above, it is recommended that Hinton's motion to vacate,

set aside, or correct sentence under 28 U.S.C. § 2255 be **DENIED** and that no Certificate

of Appealability should issue.

The instructions that follow the undersigned's signature contain important

information regarding objections to the report and recommendation of the Magistrate

Judge.

**DONE** this 2<u>nd</u> day of November, 2010.

<u>/s/ Katherine P. Nelson</u>
KATHERINE P. NELSON
UNITED STATES MAGISTRATE JUDGE

RIGHTS AND RESPONSIBILITIES FOLLOWING
RECOMMENDATION
AND FINDINGS CONCERNING NEED FOR TRANSCRIPT

**Objection**.  Any party who objects to this recommendation or anything in it must, within fourteen days of the date of service of this document, file specific written objections with the clerk of court.  Failure to do so will bar a de novo determination by the district judge of anything in the recommendation and will bar an attack, on appeal, of the factual findings of the magistrate judge.  See 28 U.S.C. §  636(b)(1)(c); Lewis v. Smith, 855 F.2d 736, 738 (11th Cir. 1988); Nettles v. Wainwright, 677 F.2d 404 (5th Cir. Unit B, 1982)(en banc).  The procedure for challenging the findings and recommendations of the magistrate judge is set out in more detail in SD ALA LR 72.4 (June 1, 1997), which provides that:

> A party may object to a recommendation entered by a magistrate judge in a dispositive matter, that is, a matter excepted by 28 U.S.C. ' 636(b)(1)(A), by filing a "Statement of Objection to Magistrate Judge's Recommendation@ within [fourteen] days[4] after being served with a copy of the recommendation, unless a different time is established by order."  The statement of objection shall specify those portions of the recommendation to which objection is made and the basis for the objection.  The objecting party shall submit to the district judge, at the time of filing the objection, a brief setting forth the party=s arguments that the magistrate judge's recommendation should be reviewed de novo and a different disposition made.  It is insufficient to submit only a copy of the original brief submitted to the magistrate judge, although a copy of the original brief may be submitted or referred to and incorporated into the brief in support of the objection.  Failure to submit a brief in support of the objection may be deemed an abandonment of the objection.

A magistrate judge's recommendation cannot be appealed to a Court of Appeals; only the district judge's order or judgment can be appealed.

Transcript (applicable where proceedings tape recorded).  Pursuant to 28 U.S.C. § 1915 and Fed.R.Civ.P. 72(b), the magistrate judge finds that the tapes and original records in this action are adequate for purposes of review.  Any party planning to object to this recommendation, but unable to pay the fee for a transcript, is advised that a judicial determination that transcription is necessary is required before the United States will pay the cost of the transcript.

Done this  2nd   day of November, 2010.

/s/ Katherine P. Nelson
UNITED STATES MAGISTRATE JUDGE

---

[4] Effective December 1, 2009, the time for filing written objections was extended to "14 days after being served with a copy of the recommended disposition[.]" Fed.R.Civ.P. 72(b)(2).