IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| WILLIE MERER HINTON, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | CRIMINAL NO. 05-0206-WS |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |

**ORDER**

This matter comes before the Court on petitioner Willie Merer Hinton's Motion for Reduction or Modification of Sentence Pursuant to 18 U.S.C. § 3582(c)(2) (doc. 1092).

As grounds for his Motion, Hinton invokes Amendment 782 to the United States Sentencing Guidelines. Petitioner is correct that the cited amendment retroactively reduced penalties for certain crack cocaine offenses. The trouble is that, as this Court has previously ruled, Hinton is ineligible for relief under Amendment 782. In an Order dated March 17, 2015, the undersigned explained that the 2014 Drug Guidelines Amendment (also known as Amendment 782) does not apply to Hinton because (i) Amendment 782 lowers base offense levels for sentences calculated using the Drug Quantity Table found at U.S.S.G. § 2D1.1(c), but Hinton's base offense level was calculated without regard to § 2D1.1(c); and (ii) Hinton was subject to a statutory minimum sentence of life pursuant to 21 U.S.C. § 841(b)(1)(A), which Amendment 782 did not alter. (*See* doc. 1047.) No sentence reduction under § 3582(c)(2) is permissible for a guidelines amendment that does not actually lower a defendant's guideline range. *See, e.g., United States v. Hippolyte*, 712 F.3d 535, 542 (11th Cir. 2013) ("Section 3582(c)(2) does not authorize a sentence reduction if a guidelines amendment does not have the effect of reducing the defendant's sentence."); *United States v. Glover*, 686 F.3d 1203, 1206 (11th Cir. 2012) ("a court cannot use an amendment to reduce a sentence in a particular case unless that amendment actually lowers the guidelines range in that case"). Amendment 782 did not

lower Hinton's guideline range. Accordingly, petitioner's attempt to reargue or seek reconsideration of the Order entered on March 17, 2015 cannot succeed.

In a letter accompanying his Motion, Hinton requests a reduction in sentence based on "mercy and compassion," given his advanced age, his medical conditions, his lack of a prison disciplinary record, and his desire to go home to his family. This Court has no jurisdiction to grant relief on that basis. Federal district courts do not possess "some sort of inherent authority to modify a sentence" whenever they wish. *United States v. Diaz-Clark*, 292 F.3d 1310, 1317-18 (11th Cir. 2002). To the contrary, the law is clear that sentencing courts generally "may not modify a term of imprisonment once it has been imposed." 18 U.S.C. § 3582(c); *see also United States v. Moreno*, 421 F.3d 1217, 1219 (11th Cir. 2005) ("[g]enerally, a district court may not modify a term of imprisonment once imposed"). Thus, "[t]he authority of a district court to modify an imprisonment sentence is narrowly limited by statute." *United States v. Phillips*, 597 F.3d 1190, 1194-95 (11th Cir. 2010). None of the limited circumstances outlined in 18 U.S.C. § 3582(c) are present here; therefore, this Court does not have authority to grant Hinton's Motion and reduce his sentence on the stated grounds.

For the foregoing reasons, Hinton's "Motion for Reduction or Modification of Sentence Pursuant to 18 U.S.C. § 3582(c)(2)" (doc. 1092) is **denied**. The Court further **certifies** that any appeal would be frivolous and would not be taken in good faith; therefore, Hinton will not be allowed to appeal *in forma pauperis* from this ruling.

DONE and ORDERED this 2nd day of March, 2018.

> s/ WILLIAM H. STEELE
> UNITED STATES DISTRICT JUDGE