# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v. ) | CRIMINAL NO. 05-0206-WS |
| ) | |
| WILLIE MERER HINTON, ) | |
| ) | |
| Defendant. ) | |

## ORDER

This matter comes before the Court on defendant Willie Merer Hinton's Motion for Modification or Reduction of Term of Imprisonment (doc. 1094) filed pursuant to 18 U.S.C. § 3582.

Following a jury trial in March 2006, Hinton was convicted of conspiracy to possess with intent to distribute controlled substances, in violation of 21 U.S.C. § 846 (Count One), and possession with intent to distribute oxycodone within 1,000 feet of a public housing facility operated through the City of Mobile Housing Board, in violation of 21 U.S.C. §§ 841(a)(1) and 860 (Count Ten). Hinton was sentenced to a term of life imprisonment on Count One, with a concurrent term of 60 years' imprisonment on Count Ten. Hinton has filed several motions for reduction of sentence pursuant to 18 U.S.C. § 3582(c)(2), all of which have been denied. (*See* docs. 1045, 1047, 1048, 1049, 1092, 1093.)

In his latest § 3582 Motion, Hinton invokes the provision authorizing reduction or modification of a sentence for "extraordinary and compelling reasons." 18 U.S.C. § 3582(c)(1)(A)(i). According to Hinton, this subsection, which is utilized to grant compassionate release, applies here because he is 75 years old, is confined to a bed or wheelchair for the majority of his waking hours, and suffers from debilitating and degenerative conditions (including high blood pressure, arthritis, and one or more strokes).[1] On its face, however,

---

[1] Hinton also maintains that he "has served in excess of TWENTY (20) years of his sentence" (doc. 1094, at 4); however, the court file reflects that Hinton was indicted in June 2005 and convicted in March 2006.

defendant's reliance on § 3582(c)(1)(A)(i) is misplaced. By its express terms, that subsection allows compassionate release only where the Director of the Bureau of Prisons has moved for reduction of a term of imprisonment. *See* 18 U.S.C. § 3582(c)(1)(A)(i) ("the court, upon motion of the Director of the Bureau of Prisons, may reduce the term of imprisonment … if it finds that … extraordinary and compelling reasons warrant such a reduction"). Decisional authority unanimously supports that conclusion. *See, e.g., Cruz-Pagan v. Warden, FCC Coleman-Low*, 486 Fed.Appx. 77, 79 (11th Cir. Aug. 7, 2012) ("The plain meaning of this section requires a motion by the Director as a condition precedent to the district court before it can reduce a term of imprisonment."); *Share v. Krueger*, 553 Fed.Appx. 207, 209 (3rd Cir. Jan. 23, 2014) ("without a motion from the BOP, the district courts have no authority to reduce a federal inmate's sentence based on special circumstances"); *United States v. Thomas*, 570 F. Supp.2d 202, 203 (D.P.R. 2007) ("It is well settled law that a Court cannot grant a prisoner's compassionate relief request and order his release from prison pursuant [to] section 3582(c)(1)(A) if the Director of Bureau of Prisons does not move for a reduction in the prisoner's sentence"); *Wright v. Terrell*, 2011 WL 5117851, *3 (D.N.J. Oct. 26, 2011) (similar); *United States v. Bryant*, 2005 WL 1389883, *1 (M.D. Ala. May 16, 2005) ("[B]ecause the Director of the Bureau of Prisons has filed no motion for reduction of sentence in this case, Bryant cannot utilize the provisions [of] § 3582(c)(1)(A) as a vehicle to challenge his sentence."); *Kinsey v. United States*, 2012 WL 12543072, *1 (S.D. Fla. Apr. 17, 2012) ("Kinsey requested modification based upon § 3582(c)(1)(A)(i). However, that section required the motion be made by the Director of the Bureau of Prisons, not the prisoner.").

The Director of the Bureau of Prisons has not filed a motion to reduce Hinton's sentence. As such, § 3582(c)(1)(A) is unavailable to defendant as a vehicle for sentence reduction. Simply put, this Court lacks authority to grant Hinton the relief he is requesting. *See, e.g., Cruz-Pagan*, 486 Fed.Appx. at 79 ("The BOP has not made a motion on Cruz's behalf. Accordingly, we do not have the authority to modify his sentence under § 3582(c)(1)(A)."). Perhaps recognizing this defect in his Motion, Hinton requests in the alternative that this Court "recommend or Direct the Director of the BOP to Agree or File a motion to reduce the sentence based on exceptional circumstance or compelling reasons." (Doc. 1094, at 5.) That is not how it works. Nothing in the text of § 3582(c)(1)(A) would empower this Court to force the Director of Bureau of Prisons to file a motion for compassionate release. Moreover, district courts do not possess "some sort of inherent authority to modify a sentence" whenever they wish. *United States v. Diaz-Clark*,

292 F.3d 1310, 1317-18 (11th Cir. 2002). A sentencing court may modify a term of imprisonment only (1) "upon motion of the Director of the Bureau of Prisons," (2) "to the extent otherwise expressly permitted by statute or by Rule 35," or (3) in certain limited circumstances where a sentencing guidelines range has been lowered by the Sentencing Commission. 18 U.S.C. § 3582(c). Defendant has made no showing that any of those prerequisites for § 3582 relief are present here; therefore, this Court is not empowered to modify Hinton's sentence. *See, e.g., Cruz-Pagan*, 486 Fed.Appx. at 79 ("[W]ithout a motion from the Director, a precedential case, an authorizing statute, or an authorizing Rule granting us subject-matter jurisdiction, we cannot modify his sentence.").

For all of the foregoing reasons, defendant's "Motion for Modification or Reduction of Term of Imprisonment or Request that the Court Order the Federal Bureau of Prisons to do so Pursuant to 18 U.S.C. § 3582(c)(1)(A)" (doc. 1094) is **DENIED**. To the extent that Hinton may wish to appeal this ruling, the Court hereby **certifies** that any such appeal would be frivolous and not taken in good faith; therefore, Hinton shall not be eligible to pursue any such appeal *in forma pauperis*.

DONE and ORDERED this 18th day of July, 2018.

s/ WILLIAM H. STEELE  
UNITED STATES DISTRICT JUDGE